IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 16-cv-02351-RBJ
*Consolidated Cases 16-cv-02394-RBJ and 16-cv-02352-RBJ*

GREGORY BELL,
JOSE ACEVEDO, and
DENISE DURBIN, individually and as parent and next friend of K.D. and B.D.,
for themselves and on behalf of all others similarly situated,

    Plaintiffs,

v.

THE 3M COMPANY f/k/a Minnesota Mining and Manufacturing Co., and
TYCO FIRE PRODUCTS, L.P., successor-in-the interest to The Ansul Company,

    Defendants.

## ORDER ON MOTION REGARDING "DROPPED PARTIES"

    In an order issued today concerning motions to dismiss plaintiffs' medical monitoring claims the Court traces the evolution of the identities of the named plaintiffs and the named defendants in this action. I there note that this action is a consolidation, for pre-trial purposes, of three cases originally filed as Nos. 16-cv-02351, 16-cv-02352 and 16-cv-02394. In the operative complaint in the consolidated action, plaintiffs' Second Amended Complaint, the plaintiffs listed in the body of the complaint are 16 individuals who were not plaintiffs in the original three cases. *See* ECF No. 126.

    Defendants Buckeye, Tyco, Chemguard and National Foam now move for judgment on the pleadings dismissing the claims of the plaintiffs listed in the complaints preceding the Second

1

Amended Complaint, labeling them as "Dropped Plaintiffs." ECF No. 207. The three original plaintiffs in 16-cv-2351 – Gregory Bell, Jose Acevedo and Denise Durbin – through their lawyer, Kevin Hannon, respond that they never brought claims against Buckeye, Chemguard or National Foam, and that in any event, they have never dropped or dismissed their individual claims. ECF No. 227. Twenty-three other individuals who were at one time named plaintiffs but were not named in the Second Amended Complaint, represented by the same lawyers who represent the named plaintiffs in the Second Amended Complaint, also oppose the motion, noting that while they no longer seek to represent a putative class, they never intended to drop or dismiss their individual claims or their status as members of a putative class. ECF No. 234.

I also noted in my order on the medical monitoring claims that the Napoli Shkolnik and McDivitt law firms, which are co-counsel in the class case and in the opposition to ECF No. 207 on behalf of the 23 individuals, have filed 41 additional cases on behalf of large groups of plaintiffs, collectively including in excess of 7,000 individual plaintiffs. I do not know at this time whether and to what extent that mass of individual plaintiffs might include any of the 26 individuals whom defendants label as "dropped plaintiffs."

The Court has no desire to dismiss the claims of any individual on the basis that his or her claims have been voluntarily dropped or dismissed unless that is truly what that individual desires. At this point I am unwilling to deem any individual's claim to have been dropped, either by the individual or by the maneuvers of his or her lawyer.

Accordingly, the Court denies ECF No. 207.

DATED this 25th day of September, 2018.

BY THE COURT:

R. Brooke Jackson
United States District Judge